IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Cherry Larraine Bibbs, ) | |
| ) | C/A No. 9:15-02229-MBS-BM |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Carolyn W. Colvin, Acting Commissioner ) | |
| of Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This is an action brought pursuant to Section 205(g) of the Social Security Act (the "Act"), codified as amended at 42 U.S.C. § 405(g), to obtain judicial review of the final decision of the Commissioner of Social Security ("Commissioner").

I.     PROCEDURAL HISTORY

Plaintiff Cherry Larraine Bibbs filed applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on August 15, 2012, alleging disability since August 8, 2012. Tr. 11. Her applications were denied initially and on reconsideration. Plaintiff requested a hearing before an administrative law judge ("ALJ"). The ALJ held a hearing on November 26, 2013. Tr. 21. The ALJ issued a decision dated January 16, 2014, in which he concluded that Plaintiff was not "disabled" as defined in the Social Security Act. Tr. 20. Accordingly, the ALJ determined that Plaintiff was not entitled to disability insurance benefits or supplemental security income under Sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. Plaintiff filed a request for review of the ALJ's decision, which was denied by the Appeals Council on March 30, 2015. Tr. 1-3. Thus, the decision of the ALJ became the "final decision" of the Commissioner for the purposes of

judicial review. Plaintiff thereafter brought this action pursuant to 42 U.S.C. § 405(g), seeking judicial review.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for a Report and Recommendation. On June 2, 2016, the Magistrate Judge filed a Report and Recommendation in which he recommended that the Commissioner's decision to deny benefits be affirmed. ECF No. 22. Plaintiff filed objections to the Report and Recommendation on June 20, 2016. ECF No. 24. The Commissioner filed a response to Plaintiff's objections on July 8, 2016. ECF No. 25.

This matter now is before the court for review of the Magistrate Judge's Report and Recommendation. The court is charged with making a *de novo* determination of any portions of the Report to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b).

II.     STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze,* 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial

evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). However, the Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

### III. DISCUSSION

Plaintiff was forty years old at the time of her hearing before the ALJ regarding her applications for disability insurance benefits and supplemental security income. Tr. 25. She has a high school education and has worked in the past as a hairbraider, cafeteria manager, office clerk, and combination cashier /stocker. Tr. 19. She claims disability beginning August 8, 2012, including lower back problems, both legs giving out rendering her unable to walk, and numbness in her right arm. Tr. 56. Plaintiff asserts specific objections to the Report and Recommendation. The court will review each of these objections in turn.

A.   **Residual Functional Capacity**

Plaintiff contends that the Magistrate Judge failed to find substantial evidence to support the ALJ's conclusion regarding Plaintiff's residual functional capacity ("RFC").[1] ECF No. 24 at 2. The ALJ determined that Plaintiff had a residual functional capacity to perform "sedentary work," as defined by 20 C.F.R. § 404.1567:

> [A] sedentary job is defined as one which involves sitting [although] a certain amount of walking and standing is often necessary.

Plaintiff challenges this determination. ECF No. 24 at 2. Specifically, Plaintiff argues that the that the ALJ improperly discounted Plaintiff's reports of pain while sitting and instead concluded that sitting relieved her pain. *Id.* However, there is substantial evidence to support the ALJ's determination that Plaintiff experiences relief from pain while sitting and can perform sedentary work. In speaking with one doctor in 2012, Plaintiff reported feeling relief "with rest and lying down." Tr. 300. In speaking with another doctor on two occasion in March and April of 2013, Plaintiff reported feeling better "leaning left and sitting." Tr. 309 and 334. Elsewhere, Plaintiff reports that her "symptoms are aggravated by sitting" (Tr. 344); however, this conflicting report does not negate the evidence upon which the ALJ decided to rely. "Ultimately, it is the duty of the administrative law judge reviewing a case . . . to resolve conflicts in the evidence." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Given the substantial evidence supporting the ALJ's determination, the court finds Plaintiff's objection to be without merit.

---

[1] RFC is defined as the most [a claimant] can still do despite [his or her] limitations. 20 C.F.R. § 404.1545(a)(1).

**B.     Plaintiff's Credibility**

Plaintiff objects to the Magistrate Judge's finding that the ALJ properly evaluated Plaintiff's credibility. ECF No. 24 at 2. In describing the activities she was and was not able to do, Plaintiff notes that she provided a number of "qualifying remarks." *Id.* at 3. For example, in reporting that she could do household chores, Plaintiff qualified her remarks by saying that the chores would take her all day. Tr. 218. Plaintiff argues that in ignoring these qualifying remarks, the ALJ improperly evaluated Plaintiff's condition. Plaintiff relies on a Fourth Circuit precedent in which an ALJ improperly ignored a claimant's qualifying remarks regarding the claimant's level of activity, resulting in a reversal of the ALJ's ruling. *See Hines v. Barnhart*, 453 F.3d 559, 565 (4th Cir. 2006) ("The ALJ selectively cited evidence concerning tasks which [claimant] was capable of performing . . . .This recitation of the evidence ignores [claimant's] further testimony that he has pain 'mostly all the time' . . . ."). Plaintiff also charges that in addition to ignoring Plaintiff's qualifying remarks, the ALJ failed to recognize that Plaintiff's condition had worsened. ECF No. 24 at 4.

The Magistrate Judge determined that the ALJ did not ignore Plaintiff's qualifying remarks and statements regarding her worsening condition, but rather, interpreted them differently from Plaintiff. ECF No. 22 at 14-15. The ALJ found inconsistencies in Plaintiff's statements, rendering her representations "not entirely credible." Tr. 15. It is immaterial that the ALJ and Plaintiff came to separate conclusions regarding these statements; it is not the province of the court to reverse the Commissioner's decision when there is substantial evidence in support of that decision. *See Shively v. Heckler*, 739 F.2d 987, 990 (4th Cir. 1984) ("The [Commissioner], and not the courts, is charged with resolving conflicts in the evidence, and it is immaterial that the evidence before him will permit a conclusion inconsistent with his."). In several instances, the ALJ found that Plaintiff's hearing

testimony differed from statements provided in her disability function reports. Tr. 18, 27, 217, and 219-20. The court therefore finds substantial evidence in support of the ALJ's determination that Plaintiff lacked credibility. Plaintiff's objection is without merit.

Plaintiff also suggests that the ALJ drew an improper inference regarding her credibility. In his decision, the ALJ observes that Plaintiff failed to schedule back surgery, despite being told to do so. Tr. 18. Plaintiff construes this observation as the ALJ drawing an improper inference that Plaintiff lacked credibility. If Plaintiff's reporting of her condition was credible, the inference goes, Plaintiff would have taken action by way of scheduling surgery to relieve her alleged symptoms. In challenging this impermissible inference, Plaintiff relies on Social Security Ruling 96-7p, 61 FR 34483-01, which states the following:

> [An] adjudicator must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide . . . .

However, Plaintiff fails to include the last clause of this excerpt, which provides that an adjudicator may draw such an inference in light of "other information in the case record . . . ." *Id.* As discussed above, the ALJ did in fact consider other information in the case record and discovered several inconsistencies; these inconsistencies drove his credibility determination. Here again, Plaintiff's objection is without merit.

**C.     Opinion Evidence**

Plaintiff's final objection is to the Magistrate Judge finding no error in the ALJ weighing the opinions of two different doctors: Dr. Temisan Etikerentse and Dr. Christopher Merrell. ECF No. 24 at 5. Dr. Etikerentse is a consultative examiner who evaluated Plaintiff on December 6, 2012. Tr. 16. Dr. Merrell is Plaintiff's treating orthopedic surgeon, and he treated Plaintiff on several occasions

in 2013. Tr. 14-18. Plaintiff argues that the ALJ essentially dismissed Dr. Merrell's opinion because the ALJ found it to be "unclear;" Plaintiff asserts that this is improper "*post hoc* reasoning." ECF No. 24 at 5. However, Plaintiff continues, the ALJ embraced the opinion of Dr. Etikerentse, despite Dr. Etikerentse admitting that Plaintiff would need a magnetic resonance imaging ("MRI") scan before Dr. Etikerentse could provide further recommendation. *Id.* at 6.

The Magistrate Judge found that the ALJ did in fact adequately consider the opinion of Dr. Merrell. ECF No. 22 at 18. Specifically, Dr. Merrell advised Plaintiff "not to work at this point until problem is corrected." Tr. 348. However, the Magistrate Judge found that it was difficult to determine what "work" meant in Dr. Merrell's recommendation; it is not clear if Dr. Merrell was cautioning Plaintiff from returning to her previous job or to any job at all. ECF No. 22 at 18. Even assuming that Dr. Merrell's use of the term "work" was all-inclusive, his recommendation to stop working was also accompanied with a recommendation of surgery, which Plaintiff did not follow: "She was advised to . . . call [Dr.Stovall's] scheduler about surgery." Tr. 348. Given the ambiguity with Dr. Merrell's recommendation, the Magistrate Judge concluded that the ultimate determination of "unable to work" should be reserved to the Commissioner. ECF No. 22 at 19 (citing 20 C.F.R. § 404.1527(d)("A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that [the Commissioner] will determine that you are disabled.")). The court agrees with the conclusion of the Magistrate Judge, finding that the ALJ relied on substantial evidence in the record, beyond the opinion of Dr. Merrell, in coming to his decision. As for the ALJ's reliance on the opinion of Dr. Etikerentse, the Magistrate Judge found no reversible error in the ALJ relying on an opinion provided without the aid of an MRI. ECF No. 22 at 20. Plaintiff's objection is without merit.

V.  CONCLUSION

After reviewing the entire record, the applicable law, the briefs of counsel, the findings and recommendations of the Magistrate Judge, and Plaintiff's objections, this court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference.  For the reasons set out hereinabove and in the Report and Recommendation, the Commissioner's final decision of no disability is **affirmed**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

July 28, 2016

Columbia, South Carolina